UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN TENNISON,<br><br>       Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; PRENTICE EARL SANDERS; NAPOLEON HENDRIX; and GEORGE BUTTERWORTH,<br><br>       Defendants. | Minnesota District Court Case No.<br><br><br>(Northern District of California Case No. C04-0574 CW (EMC)) |
| ANTOINE GOFF,<br>       Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.<br><br>       Defendants. | (Northern District of California Case No. C04-1643 CW (EMC)) |

**DECLARATION OF JAMES A. QUADRA IN SUPPORT OF MOTION BY
DEFENDANTS PRENTICE EARL SANDERS AND NAPOLEON HENDRIX FOR
ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT AGAINST LOVINSKY RICARD
(Federal Rule of Civil Procedure 45(e))**

The undersigned, James A. Quadra, declares:

1.     I am an attorney licensed to practice in California, admitted before the United

States District Court for the Northern District of California, and counsel of record for Defendants

Prentice Earl Sanders and Napoleon Hendrix. In connection with this motion, I am applying for

admission pro hac vice before the United States District Court for District of Minnesota. I

respectfully submit this Declaration in support Messrs. Sanders and Hendrix's motion for order

to show cause for civil contempt against Lovinsky Ricard for Mr. Ricard's refusal to answer

deposition questions.  I am competent to testify and have personal knowledge of all matters set forth below, except where indicated otherwise.

2.      Prior to attempting to depose Mr. Ricard and to filing this motion, I attempted to informally resolve the issue raised by Mr. Ricard's blanket invocation of the Fifth Amendment. On March 2, 2005, I faxed a letter to Mr. Ricard's attorney, Dennis Roberts, to follow up on our phone conversation, in which Mr. Roberts stated that Mr. Ricard intended not to answer any substantive questions at his deposition but to invoke his right against self-incrimination under the Fifth Amendment to the Constitution of the United States of America.  In my March 2, 2005 letter, I advised Mr. Roberts that I intended to ask non-incriminating questions of Mr. Ricard regarding his recantations of the Shannon murder confession, and requested that Mr. Roberts advise me whether Mr. Ricard would answer such questions.  A copy of my March 2, 2005 letter to Mr. Roberts, along with the fax confirmation sheet, is attached as Exhibit A to this declaration. (The first page of the March 2, 2005 letter was erroneously dated December 6, 2004, but the was actually faxed on March 2, 2005.)

3.      Mr. Roberts responded to my March 2, 2005 letter by faxing back a letter also dated March 2, 2005.  In his letter, Mr. Roberts advised that Mr. Ricard would "be taking the Fifth Amendment to any question beyond his name and address for identification purposes," in part because Mr. Roberts was otherwise "engaged in trial.  A copy of Mr. Roberts' letter of March 2, 2005 is attached as Exhibit B.

4.      I responded to Mr. Roberts' March 2 letter with a letter dated and faxed on March 11, 2005, in which I told Mr. Roberts that his client could not simply invoke the Fifth Amendment to avoid answering non-incriminating questions regarding Mr. Ricard's recantation of the Shannon murder confession.  A copy of my March 11, 2005 letter is attached as Exhibit C and incorporated herein by reference.

5.      I am informed and believe that Mr. Ricard was served with two subpoenas to appear at his deposition in Minneapolis, Minnesota, which were issued and served by counsel for Plaintiff John Tennison.  On March 28, 2005, Mr. Tennison's counsel sent my colleague, Robert

D. Sanford, copies of the two subpoenas. The cover letter and copies of the two subpoenas are attached as Exhibit D.

6.      On March 14, 2005, Mr. Ricard appeared at his deposition in Minneapolis, Minnesota. I am attended the deposition by telephone from my office in San Francisco. A copy of the transcript of and exhibits to Mr. Ricard's deposition are attached as Exhibit E.

7.      One of the topics that came up during Mr. Ricard's deposition was an interview that he gave to members of the San Francisco Police Department on February 8, 1990. (See Ex. Ex., pp. 18:5-22, 19:13-23.) I am informed and believe that attached Exhibit F is a copy of the transcript of that interview, which was prepared by the law office of Keker & Van Nest, who were counsel for his petition for writ of habeas corpus.

8.      Exhibit G attached hereto is a copy of the decision of the California Court of Appeal in *People of the State of California v. Tennison*, Appeal No. A054353, which affirmed Tennison's conviction for the murder and conspiracy to commit murder of Roderick Shannon.

9.      Prior to filing this motion, I made a final attempt to resolve the dispute created by Mr. Ricard's blanket assertion of the Fifth Amendment by faxing a letter, dated March 25, 2005, to Mr. Roberts and to Daniel C. Guerrero, the attorney who appeared on behalf of Mr. Ricard at his deposition. In my March 25, 2005 letter, I offered to withdraw this motion, if Mr. Ricard would answer the deposition questions (and non-incriminating follow-up questions) asked at Mr. Ricard's deposition by Sherri Sokeland Kaiser, an attorney representing co-Defendants City and County of San Francisco and George Butterworth, and by me. A copy of my March 25, 2005 letter to Messrs. Roberts and Guerrero is attached as Exhibit H.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct and that this declaration was executed in San Francisco, California on April 25, 2005.

James A. Quadra